## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**CHRISTIAN BAKERY, INC.,** a Florida Corporation d/b/a CUBA BAKERY,

       **Plaintiffs**,

     v.

**UNITED STATES OF AMERICA**,

       **Defendant.**

**CASE NO.**

## COMPLAINT

The Plaintiff, CHRISTIAN BAKERY, INC., a Florida Corporation, doing business as CUBA BAKERY, pursuant to 7 U.S.C. Section 2023(a)(13)-(15), hereby files suit against the Defendant, the United States of America, acting through the United States Department of Agriculture, Food and Nutrition Service, for wrongful licensure denial under 7 U.S.C. 2018.  In support thereof, the Plaintiff alleges as follows:

Brief Overview

1. The Plaintiff, Christian Bakery, Inc., a Florida Corporation doing business as Cuba Bakery, is a retail bakery and food store located at 1641 N.E. 8th Street, Homestead, Florida 33033, and specializes in baking breads, cakes and other Staple Food Items.

2. Cuba Bakery has been an authorized Supplemental Nutrition Assistance Program (SNAP) retailer for a number of years.  In pertinent part, SNAP (formerly "the Food Stamp Program") is a government program providing benefits to needy households for use in the purchase of food items from participant retailers.  SNAP is administered by the United States Department of Agriculture's Food and Nutrition Service.

3. Retailers who would like to participate in the program must apply to the Agency pursuant to the terms set out in 7 U.S.C. 2018, and 7 C.F.R. 278.1.  Thereafter, SNAP retailers must submit to reauthorization once every five (5) years.

4. In order to qualify for participation in SNAP, a retailer must either meet inventory requirements (referred to as Criterion A under 7 C.F.R. 278.1(b)), or Staple Food sales requirements (referred to as Criterion B).

5. The term "Staple Foods" is defined by 7 C.F.R. 271.2 as:

   "those food items intended for home preparation and consumption in each of the following four categories: Meat, poultry, or fish; bread or cereals; vegetables or fruits; and dairy products."

6. Though section 271.2 does not go into greater detail about what items are considered Staple Foods, it does draw a distinction in Accessory Foods, which are defined as:

   "Accessory food items include foods that are generally considered snack foods or desserts such as, but not limited to, chips, ice cream, crackers, cupcakes, cookies, popcorn, pastries, and candy, and other food items that complement or supplement meals, such as, but not limited to, coffee, tea, cocoa, carbonated and uncarbonated drinks, condiments, spices, salt, and sugar."

7. 7 C.F.R. 278.1 lists "rice, bagels, pitas, bread, pasta, oatmeal, and whole wheat flour in the bread or cereals category."  However, no additional definitions or explanations are provided.

8. The Plaintiff previously applied for SNAP authorization and was approved in 2017.  No material changes have been made to its business, sales or inventory offerings, nor have any

material changes been made to the authorization regulations in the interim that would have changed the Plaintiff's eligibility.

9.  However, the Agency did conduct revisions of 7 CFR 278.1 and 271.2 in 2016 (some of which took effect in 2018, though Congress removed other parts) to better define Staple Food and Accessory Food items.  In the notes to the final rule, the Agency refused to make definitive lists of staple food items, instead relying on the ingredients list of items to distinguish between the different categories:

> "A food product containing an accessory food item as its main ingredient shall be considered an accessory food item."  81 FR 90675.

10. On February 2nd, 2022, the Plaintiff submitted its re-authorization request to the Agency without assistance of counsel or other professional.

11. In its application for re-authorization, the Plaintiff errantly noted that the store sold only 10% of its gross sales in Staple Food items.  The Plaintiff's application should have noted that the store's Staple Food sales exceeded 50%, but due to the apparently intentional vagueness of the regulation and instructions, the Plaintiff was uncertain what foods qualified for which category.

12. The Defendant, taking advantage of the Plaintiff's misunderstanding, issued a denial of the license, claiming that Cuba Bakery didn't qualify under either Criterion A or Criterion B as required by 7 C.F.R. 278.1.

13. The Plaintiff appealed the finding to the Administrative & Judicial Review Branch of FNS, but on May 5th, 2023 (more than a year after the appeal was filed and briefed), the Agency issued a Final Agency Decision upholding the licensure denial.

14. The Plaintiff has timely filed this request for judicial review pursuant to 7 U.S.C. 2023(a)(13)-(15) seeking to overturn the licensure denial.

## Parties, Jurisdiction & Venue

15. The Plaintiff, Christian Bakery, Inc., a Florida Corporation doing business as Cuba Bakery, has a principal place of business located in Homestead, Florida.

16. The Defendant, the United States of America, acting through the United States Department of Agriculture (USDA), Food & Nutrition Service (FNS), is the agency responsible for administering the Supplemental Nutrition Assistance Program (SNAP).

17. This Court has jurisdiction pursuant to 7 U.S.C. 2023(a)(13)-(15) to conduct the *trial de novo* judicial review of the Agency's licensure denial under 7 U.S.C. 2018.

18. The case is properly set in the United States District Court for the Southern District of Florida, as is required by the statute.

## Judicial Review

19. This matter proceeds on a "trial de novo" basis under 7 U.S.C. 2023(a)(15). As such, this matter is not an Administrative Procedure Act judicial review, nor is the matter restricted to the Administrative Record.

20. There were no evidentiary proceedings during the administrative phase of this matter.

21. The Plaintiff applied for reauthorization under 7 U.S.C. 2018, and 7 C.F.R. 278.1, as requested and required by the Agency.

22. The Plaintiff qualified for participation under the regulations and should have been reauthorized.

23. However, the Agency unjustly relied upon the Plaintiff's confusion pertaining to food categorizations – a circumstance created by the Agency's failure to adequately define staple foods, and to better clarify what items qualify as accessory foods.

24. Nevertheless, the bakery's actual sales of Staple Foods exceeded 50% of its total gross sales.

25. Accordingly, the Agency should have issued a re-authorization under 7 C.F.R. 278.1.

26. The Government's decision not to do so was arbitrary and capricious in nature (though such is not the standard of review on this matter).  The Government has issued authorizations to similarly situated SNAP retailers with materially similar sales to what the Plaintiff has.

27. As such, the Agency's licensure denial should be overturned, and the Court should issue a new license to the Plaintiff for another five year term, as is permitted by 7 U.S.C. 2023(a)(15).

28. Further, the Plaintiff requests that its license remain active during the pendency of this action, as permitted under 7 U.S.C. 2023(a)(17).  A separate motion to such effect will be filed by the Plaintiff in accordance with the regulation.

29. The Plaintiff has incurred attorney's fees and costs in this action, and should be awarded such fees and costs pursuant to the Equal Access to Justice Act.

WHEREFORE, the Plaintiff, Christian Bakery, Inc., a Florida Corporation doing business as Cuba Bakery, respectfully requests this Honorable Court enter Judgment against the Defendant, overturning the Agency's licensure denial and awarding the Plaintiff its attorney's fees and costs, in addition to such further relief afforded by the statute.

Dated:  June 1, 2023

Respectfully submitted,

**METROPOLITAN LAW GROUP, PLLC**

/s/ Andrew Z. Tapp

**Andrew Z. Tapp, Esq.**
Florida Bar No.: 68002
1971 W. Lumsden Road, #326
Brandon, Florida 33511
Telephone:  (813) 228-0658
Facsimile:  (813) 330-3129
Andrew@Metropolitan.Law
LaJeana@Metropolitan.Law